UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE SUBPOENA TO NON-PARTY KATHRYN BECK MALLORY ET AL. | Case No. 26-mc-80107-NW (VKD) |
| KEEZIO GROUP, LLC, | |
| Plaintiff, | **ORDER RE KEEZIO'S MOTION TO COMPEL COMPLIANCE WITH NON-PARTY SUBPOENAS** |
| v. | |
| SLUMBERPOD LLC, | Re: Dkt. No. 1 |
| Defendant. | |
| IN RE SUBPOENA TO NON-PARTY LOUISE WINGFIELD CHILDS | Case No. 26-mc-80110-NW (VKD) |
| KEEZIO GROUP, LLC, | |
| Plaintiff, | **ORDER RE KEEZIO'S MOTION TO COMPEL COMPLIANCE WITH NON-PARTY SUBPOENAS** |
| v. | |
| SLUMBERPOD LLC, | Re: Dkt. No. 1 |
| Defendant. | |

Keezio Group, LLC ("Keezio") moves to compel to compliance with non-party subpoenas served in connection with the action *Keezio Group, LLC v. SlumberPod, LLC*, No. 23-06288-NW (VKD) (N.D. Cal.) ("*Keezio* action"). The Court held a hearing on Keezio's motions on June 16, 2026. Dkt. No. 18.[1]

For the reasons explained in this order, the Court grants in part Keezio's motion to compel deposition testimony from non-party Kathryn Beck Mallory, subject to the limitations set forth

---

[1] Unless otherwise noted, all citations are to the docket in *In re Subpoena to Non-Party Kathryn Beck Mallory et al.*, No. 26-mc-80107.

below, and denies the motions to compel in all other respects.

## I.      BACKGROUND

In the *Keezio* action, SlumberPod, LLC ("SlumberPod") asserts counterclaims against Keezio for infringement of two patents: U.S. Patent No. 11,617,450 and U.S. Patent No. 12,048,381 (collectively, "asserted patents").  Among other things, Keezio contends that both patents are invalid.

Towards the end of the fact discovery period, between January 10 and January 12, 2026, Keezio served document and deposition subpoenas on four of the five named inventors on SlumberPod's patents.  Dkt. No. 1 at 3; Dkt. Nos. 1-4, 1-5, 1-6, 1-7.  Each subpoena included the same three document requests:

1. All Communications between any inventor listed on any one of [the asserted patents] regarding the preparation and prosecution of the patent applications that resulted in [the asserted patents].

2. All Communications between any inventor listed on any one of [the asserted patents] and any third party regarding the preparation and prosecution of the patent applications that resulted in [the asserted patents].

3. All non-privileged Communications between any inventor listed on [the asserted patents] and any attorney, patent agent, or expert regarding the preparation and prosecution of the patent applications that resulted in [the asserted patents].

Dkt. Nos. 1-4, 1-5, 1-6, 1-7.  Each subpoena also included a notice of deposition by Zoom video conference, to be conducted on either January 29 or 30, 2026.  *Id.*

On January 23, 2026, counsel for the inventors served objections to the subpoenas.  Dkt. No. 1 at 3.[2]  Keezio did not move to compel compliance with the subpoenas at that time, and fact discovery closed on January 30, 2026.

On February 4, 2026, the presiding judge in the *Keezio* action issued an order permitting Keezio to "complete discovery that was requested prior to the January 30, 2026 close of fact discovery."  *Keezio* action, Dkt. No. 95.  The order did not refer specifically to Keezio's efforts to

---

[2] For filed documents, all pin citations refer to the page number appearing on the ECF document header.

2

obtain discovery by subpoena from non-parties, but there appears to be no disagreement that these subpoenas are within the scope of the order.

Keezio now moves to compel four of the five named inventors—Kathyrn Beck Mallory, Maureen Carroll, Stephen Jones, and Louise Wingfield Childs—to comply with its subpoenas.[3]

## II.    LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure governs discovery of non-parties.  The scope of discovery available by subpoena under Rule 45 is the same as the scope of discovery available under Rules 26, 30, and 34.  *See* Fed. R. Civ. P. 45, advisory committee's note to 1970 amendment (noting that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules").  A party may obtain discovery of any non-privileged matter that is relevant to a party's claim or defense in the action, so long as that discovery is also proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  However, Rule 45 also requires "[a] party or attorney responsible for issuing and serving a subpoena [to] take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and instructs that "the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(1), (3)(A)(iv).  Additionally, Rule 26 provides that the court must limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C)(i).  The party issuing the subpoena must demonstrate that the discovery sought is relevant to a claim or defense in the proceedings.  *See Chevron Corp. v. Donziger*, No. 3:12-mc-80237-CRB (NC), 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) (citation omitted); *see also Optimize Tech. Solutions, LLC v. Staples, Inc.*, No. 5:14-mc-80095-LHK (HRL), 2014 WL 1477651, at *2 (N.D. Cal. Apr. 14, 2014).

## III.    DISCUSSION

In its opening motions, Keezio argues that the inventors' testimony is relevant because they have "personal knowledge of the scope and content of the prior art," which is pertinent to

---

[3] Keezio has withdrawn its third document request.  Dkt. No. 1 at 10 n.1.

3

United States District Court
Northern District of California

Keezio's defense that the claims of the asserted patents are invalid as obvious, pursuant to 35 U.S.C. § 103. Dkt. No. 1 at 2, 6-8. With respect to the document requests, Keezio argues that communications exchanged between and among the inventors and any third parties are "relevant to the patentability of their inventions." *Id.* at 2, 10.

The non-party inventors oppose the motions. They acknowledge that discovery from inventors may be relevant in some circumstances, but argue that it is not relevant here, and that such discovery would be unnecessarily cumulative of other discovery Keezio has already obtained. Dkt. No. 14 at 10-11. In addition, the inventors point out that claim construction has been completed, invalidity contentions are final, and expert discovery is now complete. *Id.* at 11-13. They note that Keezio disclaims any defense based on inequitable conduct, prosecution misconduct, or inventorship defect. *Id.* at 6. The inventors urge the Court to reject Keezio's argument that inventor discovery is "necessary," observing that Keezio has identified no gap in the existing prior art record or any missing information regarding secondary considerations that could possibly bear on Keezio's obviousness defense. *Id.* at 11, 13.

In its replies,[4] Keezio attempts to specify in more detail what information it requires, stating that it believes the inventors' testimony will reveal "why they believe that adding a compartment to a blackout tent (i.e. a crib cover) was a new and nonobvious solution to [the problem solved by the invention] when the prior art already had similar features." Dkt. No. 16 at 5. In addition, Keezio argues in reply that it is "entitled to ask about the corrected ADS/inventorship correction and why three inventors were added later, including who contributed what to the claimed invention." No. 26-mc-80110, Dkt. No. 14 at 11. Finally, at the hearing, Keezio argued that the discovery it seeks from the inventors is necessary to "illuminate" or provide "context" for the invention so that the jury can more fully understand the invention and how it does or does not differ from the prior art. Dkt. No. 18.

While inventor testimony may be relevant to the question of whether an invention is

---

[4] Ordinarily, the Court would not consider arguments raised for the first time in a reply. However, as the non-party inventors had an opportunity to address Keezio's belated reply arguments during the hearing, the Court will address them in this order.

United States District Court
Northern District of California

invalid as obvious in view of the prior art, it is not always so. *See Apple Inc. v. Samsung Elecs. Co.*, 839 F.3d 1034, 1047, 1048-49, 1055, 1057 (Fed. Cir. 2016) (affirming jury verdict that claimed invention was not obvious based in part on inventor testimony regarding problem invention solved and key design considerations); *Verizon Servs. Corp. v. Cox Fibernet Virginia, Inc.*, 602 F.3d 1325, 1339-40 (Fed. Cir. 2010) (district court did not abuse its discretion in permitting named inventors to provide fact testimony about claimed invention "based on their personal knowledge" or in precluding named inventors from "providing expert testimony on invalidity for which they had not previously provided expert reports or been qualified as an expert"); *see also Voice Techs. Grp., Inc. v. VMC Sys., Inc.*, 164 F.3d 605, 615 (Fed. Cir. 1999) (for purposes of claim construction, inventor testimony is not admissible to change the meaning of claims, but "[a]n inventor is a competent witness to explain the invention and what was intended to be conveyed by the specification and covered by the claims," and "may also provide background information"). Thus, the Court rejects Keezio's blanket argument that inventor testimony is always relevant and discoverable. Rather, in resolving these motions to compel, the Court considers the specific justifications Keezio provides in support of the discovery it seeks from the named inventors.

First, Keezio has not shown that the broad document discovery it seeks from the named inventors is relevant and proportional to the needs of the case. Indeed, Keezio has made little effort to narrow its two remaining document requests, and its reply suggests that it is most interested in items *outside* the scope of those requests. *See* Dkt. No. 16 at 6 (referring to inventor notebooks and prototypes). Accordingly, the Court denies Keezio's motions to compel the inventors to produce documents in response to the subpoenas.

Second, to the extent Keezio argues that it is entitled to learn why the inventors believed the claimed invention was not obvious over the prior art, it has not shown that such testimony is "critical" or "necessary," given the extensive opportunity Keezio has had to develop fact and expert evidence regarding secondary considerations of non-obviousness. Keezio's invalidity contentions are settled, including its identification of prior art and an explanation for why the prior art renders the asserted claims obvious. *See* Patent L.R. 3-3(a), (b). The parties have completed

United States District Court
Northern District of California

expert discovery, and Keezio has had an opportunity to investigate why SlumberPod believes the asserted claims are not rendered obvious by the prior art. Keezio has identified no evidentiary gap in the record of the invention, or any missing information about relevant prior art, that any individual inventor could be expected to supply. As noted above, Keezio does not assert an inequitable conduct theory of defense. In these circumstances, an individual inventor's testimony about why, at the time of the invention, the inventor believed the claimed invention was or was not obvious over the prior art is, at most, minimally relevant to Keezio's obviousness defense. The obviousness inquiry is not whether the claimed invention was obvious *to the inventor*, but whether it would have been obvious to a person of ordinary skill in the art. *See Ryko Mfg. Co. v. Nu-Star, Inc.*, 950 F.2d 714, 718 (Fed. Cir. 1991) ("Instead of ascertaining what was subjectively obvious to the inventor at the time of invention, the court must ascertain what would have been objectively obvious to one of ordinary skill in the art at such time."). Here, even assuming the named inventors are persons of ordinary skill, the minimal relevance of such testimony does not justify the burden and expense of requiring each of the named inventors to prepare for and testify in deposition.[5] *See, e.g., Amini Innovation Corp. v. McFerran Home Furnishings, Inc.,* 300 F.R.D. 406, 412 (C.D. Cal. 2014) ("Preparing and sitting for a deposition is always a burden, even when documents are not requested, particularly for a non-party.").

Third, to the extent Keezio argues that it is entitled to learn what each inventor contributed to the invention, it likewise has not shown that this information is relevant to any claim or defense. Keezio concedes that it is not asserting any defense based on defects in inventorship. At the hearing, Keezio explained that learning each inventor's contribution will enable Keezio to understand what "inventive step" corresponds to the contributions of specific inventors, which in turn may inform whether the invention is obvious in view of the prior art. Dkt. No. 18. This very attenuated argument is not persuasive. Keezio does not identify any mystery about the purported

---

[5] To the extent Keezio contends that the inventors have unique information pertinent to obviousness by virtue of the fact that they are the inventors, this argument is both unsupported and unpersuasive. Keezio does not explain why inventor testimony about the prior art would be any more relevant to the question of obviousness than the testimony of any randomly selected person of ordinary skill in the art.

inventive step of the claimed invention that it believes understanding individual inventors' contributions might resolve.  The argument is entirely speculative and untethered to any concrete evidentiary issue for which the requested testimony might be relevant.

Finally, at the hearing, Keezio argued that discovery from the named inventors was necessary to "illuminate" the claimed invention for the jury.  Ordinarily, this is the kind of testimony that the patent holder—not the accused infringer—might wish to obtain and present.  Here, SlumberPod insists that it will not call any of the named inventors to testify at trial to describe the claimed invention or to share the story of how the invention was created.  It acknowledges, however, that the jury will be presented with a video of named inventors Ms. Mallory and Ms. Childs talking about their "invention story" on an episode of ABC's *Shark Tank* that aired in January 2020.  Indeed, SlumberPod refers to and summarizes this invention story in several filings that appear on the docket in the *Keezio* action, including in its counterclaim and in its case management statement.  *See, e.g., Keezio* action, Dkt. 42 at 21 (¶¶ 7-8); Dkt. No. 54 at 3. SlumberPod's expert, Dr. Cameron, also refers to this invention story in her rebuttal expert report, discussing secondary considerations of non-obviousness.  *See* No. 26-mc-80110, Dkt. No. 14-5, ¶¶ 88-90.  The contents of the video SlumberPod intends to play for the jury were not provided to the Court.  However, there is a video, posted on SlumberPod's website, to which Dr. Cameron specifically refers, in which Ms. Mallory describes the invention story: https://www.slumberpod.com/pages/our-story-2 (last visited July 7, 2026).  The video includes discussion of the inspiration for the claimed invention, the problem to be solved, and Ms. Mallory's unsuccessful efforts to find an existing solution to the problem by looking "online." While the Court is not persuaded that Keezio needs inventor testimony to "illuminate" the claimed invention, if this video, or something similar to it, will be presented at trial, the Court agrees that Keezio should have an opportunity to take discovery of Ms. Mallory about the invention story and the statements she makes in the video.

Accordingly, the Court grants in part Keezio's motion to compel Ms. Mallory's compliance with the deposition subpoena directed to her, subject to the limitations set forth below. The Court denies Keezio's motions to compel in all other respects.

United States District Court
Northern District of California

## IV. CONCLUSION

For the reasons explained above, Keezio may take Ms. Mallory's deposition for the limited purpose of asking questions about the invention story. The deposition will be limited to questioning reasonably related to the contents of the video referenced above and will not exceed one hour on the record. The deposition will be conducted by video conference, on a date and at a time that is mutually convenient for the witness and her counsel and Keezio's counsel, no later than **August 7, 2026** from the date of this order. Keezio's motions to compel are otherwise denied.

**IT IS SO ORDERED.**

Dated: July 8, 2026

Virginia K. DeMarchi
United States Magistrate Judge

8